IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRYL JABBAR CARRINGTON,     )
    )
    Plaintiff,     )
    )
    v.     )     Civil Action No. 20-1164
    )
COMMISSIONER OF SOCIAL SECURITY,     )
    )
    Defendant.     )

# O R D E R

AND NOW, this 24th day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and his claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1] *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence,

---

[1]    Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request. Accordingly, the Court will award no costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

_____

[2]      Plaintiff argues that the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion evidence and in formulating his residual functional capacity ("RFC").  The Court disagrees and finds that substantial evidence supports the ALJ's findings and her ultimate decision that Plaintiff is not disabled.

Plaintiff contends that the ALJ had no legitimate basis for finding the opinion of the state reviewing agent, Dante Mancini, Ph.D. (R. 69-96), to be more persuasive than that of Umapathy Channamalappa, M.D., Plaintiff's treating psychiatrist (R. 418).  He argues that the ALJ based her analysis regarding these opinions on improper reasons and asserts that Dr. Mancini's opinion was rendered without the benefit of later record evidence.  He further states that the ALJ should have cleared up any confusion regarding the nature of Dr. Channamalappa's opinion by re-contacting the doctor.  For the following reasons, the Court finds no merit to these arguments.

As Plaintiff acknowledges, for cases such as this one, filed on or after March 27, 2017, the regulations have eliminated the "treating physician rule."  *Compare* 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. §§ 404.1520c(a) and 416.920c(a) (applying to later cases).  *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017).  While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability."  82 Fed. Reg. at 5853.  *See also* §§ 404.1520c(b) and (c); 416.920c(b) and (c).  Regardless, even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit."  *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000).  *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005).  In certain cases, the ALJ was justified in giving more weight to the non-examining professional's opinion.  *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).

Plaintiff understands this but argues that the reasons given by the ALJ in support of her evaluation of the opinions were inadequate.  In regard to Dr. Mancini's opinion, he argues that the ALJ failed to acknowledge that Dr. Mancini had access to only his initial October 2017 psychiatric evaluation at the time he rendered the opinion.  The Court first notes that this is not factually accurate, as Dr. Mancini referenced records from Turtle Creek Valley Community Services dated November 20, 2017, and December 15, 2017, in explaining the rationale for his opinion.  (R. 80, 94).  Regardless, the fact that the state agency psychologist's opinion was rendered before other evidence became available does not mean the ALJ was prohibited from finding it to be persuasive.  *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it.").  Here, the record does not demonstrate any significantly changed conditions from the date on which Dr. Mancini's opinion was rendered.

Moreover, while there is, in fact, evidence to which the state reviewing agent had no access, the ALJ was aware of and considered and discussed this evidence in evaluating the opinions.  (R. 23-26).  Further, while Dr. Mancini did not have access to Dr. Channamalappa's June 19, 2018 opinion, there is likewise no indication that Dr. Channamalappa had access to Dr. Mancini's opinion.

Plaintiff also takes issue with the ALJ's reliance on Dr. Channamalappa's treatment notes, including the Global Assessment of Functioning ("GAF") scores contained therein, suggesting that they form an improper basis for finding Dr. Channamalappa's opinion to be less persuasive than that of the state reviewing agent.  However, there is no question that the consistency or inconsistency of a medical source's opinion with his or her own treatment notes is a valid factor to consider in evaluating that opinion.  *See Bryson v. Comm'r of Soc. Sec.*, 639 Fed. Appx. 784, 787 (3d Cir. 2016); *Kibe v. Comm'r of Soc. Sec.*, 787 Fed. Appx. 801, 803 (3d Cir. 2019).  Moreover, while Plaintiff may question the continued validity of GAF scores in general, the Third Circuit has made it clear that GAF scores are evidence that an ALJ should consider in determining a claimant's impairments and limitations in setting forth the claimant's RFC and in fashioning a hypothetical question to the vocational expert.  *See Irizarry v. Barnhart*, 233 Fed. Appx. 189 (3d Cir. 2007).  In this case, the Court notes, as did the ALJ, that Plaintiff's GAF scores, ranging from 75 to 85, were particularly relevant, as such scores reflect only slight and transient or minimal symptoms.  *See* American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (4th ed., Text Rev. 2000).  Moreover, this was not a situation where the ALJ was cherry-picking or ignoring medical assessments that ran counter to his finding.  *See Rios v. Commissioner of Soc. Sec.*, 444 Fed. Appx. 532, 535 (3d Cir. 2011).  Indeed, all of the GAF scores in the record were relatively high, and the ALJ properly considered this fact in evaluating the evidence.

Of course, the key aspect of Dr. Channamalappa's opinion that Plaintiff argues the ALJ improperly rejected was that he was capable of working no more than 16-20 hours per week.  The ALJ squarely addressed this, explaining that Dr. Channamalappa did not indicate the level of work Plaintiff could perform during this time, and, indeed, there is no explanation as to why Plaintiff would be specifically limited to working 16-20 hours.  The ALJ also pointed out the fact that the opinion was based on Plaintiff's then-current condition and was not intended as a longitudinal assessment.  While Plaintiff argues that the ALJ misread Dr. Channamalappa's opinion in this regard, the Court notes, as did the ALJ, that Dr. Channamalappa specifically expressed that this limitation on Plaintiff's hours applied "at this point" and qualified his opinion by stating, "However, patient could continue to improve and hoping he will be able to reach full working potential."  (R. 418).  The record contains evidence, in this opinion and elsewhere, that Plaintiff's condition did appear to be improving (R. 373, 408, 418), so it was reasonable for the ALJ to interpret this opinion as a "snapshot" rather than an opinion as to Plaintiff's on-going functional limitations.

Plaintiff further contends that, to the extent that Dr. Channamalappa's opinion was unclear as to its scope or duration, the ALJ should have re-contacted the doctor for further clarification with regard to Plaintiff's functional limitations.  An ALJ may re-contact a physician if the evidence is insufficient to determine disability or if the evidence is so inconsistent that the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 18) is DENIED and that Defendant's Motion for Summary Judgment (document No. 21) is GRANTED.

s/Alan N. Bloch<br/>
United States District Judge

ecf:        Counsel of record

---

ALJ cannot reach a conclusion. *See* 20 C.F.R. §§ 404.1520b(b)(2)(i), 416.920b(b)(2)(i); *see also Moody v. Barnhart*, 114 Fed. Appx. 495, 501 (3d Cir. 2004) (explaining that it was not necessary for the ALJ to re-contact a treating psychiatrist because the medical records contained sufficient evidence for the ALJ to make a decision); *Hartman v. Colvin*, No. 2:13-cv-265, 2014 WL 1784084, at *9 (W.D. Pa. May 5, 2014) (finding that the ALJ was not required to re-contact a physician where there was no discrepancy in the record that the ALJ needed to resolve). There is nothing to suggest such a substantial discrepancy exists here. While Dr. Channamalappa may not have specified if and when his opinion regarding the number of hours Plaintiff could work might change, he clearly indicated that it was subject to change based on changed conditions. Moreover, as noted, the GAF scores assessed by Dr. Channamalappa were indicative of minimal or transient symptoms, suggesting that this opinion was not intended to be permanent.

The ALJ provided an adequate basis for evaluating the medical opinion evidence as she did and for formulating the RFC. Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.